# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

PAUL KNOX,

    Plaintiff,

v.

NAVIENT f/k/a SALLIE MAE, et al.

    Defendants.

Case No. 2:18-cv-1198
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Currently pending before the Court is Defendants Navient Solutions, LLC ("Navient") and John F. Remondi's ("Remondi") (collectively the "Moving Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) and the Moving Defendants' subsequent Brief in Support of their Motion to Dismiss (ECF No. 13). For the reasons stated herein, the Moving Defendants' Motion (ECF No. 12) is **GRANTED in part and DENIED in part**.

### I.

Plaintiff Paul Knox ("Plaintiff"), a *pro se* litigant, filed a four-count Amended Complaint against Defendants Navient f/k/a Sallie Mae, the United States Department of Education, Loan Servicing ("ED"), John F. Remondi, and three "John and Jane Does". (*See* Am. Compl. at p. 2 [ECF No. 7]). Plaintiff alleges claims against Defendants Navient and ED for: 1) breach of contract; 2) fraud and racketeering; 3) usury and racketeering; and 4) violations of the truth in lending law.[1] (*Id.* at pp. 4–5).

Plaintiff avers that on April 18, 1998, Navient and ED, through their officers, verbally

---

[1] While Remondi and three John and Jane Does are named as Defendants in this action, they are not named in Counts One through Four. (*See* Am. Compl. at pp. 4–5).

approved a loan of $93,540.13 to Plaintiff in "lawful money of the United States" with an annual interest rate of 5.250%. (Am. Compl. at p. 2). Relying on this representation, Plaintiff signed a note on that same date for the loan described to him by the representatives of Navient and ED. (*Id.* at p. 3).

Plaintiff first became aware of Defendants' alleged fraudulent activity on March 9, 2017. (Am. Compl. at p. 3). Plaintiff alleges that "the bank"[2] charged "an interest rate that was 20 times greater than that was authorized in the contract . . . ." Furthermore, Plaintiff states that the "check (or checks)" produced by the bank were not lawful currency as the checks "were not backed by or redeemable in Federal Reserve Notes . . . for their full face value." (*Id.*). As of filing his Amended Complaint, Plaintiff claims he has paid $51,345.29 on the loan. (*Id.*).

The Moving Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint asserting that: 1) as to all four counts, Plaintiff has failed to state a claim upon which relief can be granted; and 2) Count 2 and Count 4 of the Amended Complaint are time barred. (*See generally* Mot. to Dismiss Br. [ECF No. 13]).

## II.

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the

---

[2] There are several references to a bank in the Amended Complaint; however, there are currently no banks named as a defendant in this action.

2

non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while Plaintiff is not required to set forth detailed factual allegations at the pleading stage, the Complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id.* at 679; Fed. R. Civ. P. 8(a).

Moreover, the Court must "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such "lenient treatment has limits" and the Court "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted).

# III.

### A. Count One: Breach of Contract

Plaintiff first brings a claim for breach of contract. Under Ohio law, the essential elements of a breach of contract claim are: "(1) the existence of a binding contract; (2) that the nonbreaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the nonbreaching party suffered damages as a result of the breach." *Justice v. Ocwen Loan Servicing*, No. 2:13-cv-165, 2015 WL 235738, at *5 (S.D. Ohio Jan. 16, 2015) (quoting *Nachar v. PNC Bank, Nat. Ass'n*, 901 F. Supp. 2d 1012, 1018 (N.D. Ohio 2012)). Reading the Amended Complaint as a whole, Plaintiff sufficiently pleads his breach of contract claim.

First, Plaintiff alleges that there was a binding contract between the parties: Plaintiff signed a note entering into a loan for $93,540.13 with an interest rate of 5.250% on April 18, 1998 after receiving representations from Navient and ED's representatives "induced [Plaintiff] into signing" a note. (Am. Compl. at pp. 2–3). Second, Plaintiff claims to have performed his contractual obligations: as of the date of filing the Amended Complaint, Plaintiff has paid $51,345.29. (*Id.* at p. 3). Third, Plaintiff alleges that Defendants failed to fulfill their contractual obligations: Plaintiff alleges that Defendants charged interest at a rate of over 100% instead of the agreed upon 5.250%. (*Id.*). Lastly, the alleged damages are Plaintiff's overpayment of interest during the repayment period. (*See id.* at pp. 2–3). As such, Plaintiff has pleaded enough facts to support the breach of contract claim.

### B. Count Two: Fraud and Racketeering

Plaintiff's next brings a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* To state a cognizable RICO claim, Plaintiff must allege:

4

"(1) conduct (2) of an enterprise (3) through the pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

An act of mail fraud (18 U.S.C. § 1341) or wire fraud (18 U.S.C. § 1343) can serve as a predicate offense for a RICO claim. *See* 18 U.S.C. § 1961(1) (listing the predicate acts that constitute "racketeering activity"). The elements of mail fraud are: "(1) a scheme to defraud, and (2) use of the mails in furtherance of the scheme." *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005). Wire fraud's elements "are essentially the same except that one must use the wires in furtherance of the scheme to defraud." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (citing *United States v. Daniel*, 329 F.3d 480, 486 n.1 (6th Cir. 2003)).

When alleging mail or wire fraud as the predicate acts of a RICO claim, the plaintiff must satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard and thereby, "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)).

Generally, a complaint complies with Rule 9(b)'s heightened pleading standards "if it alleges 'the time, place, and content of alleged misrepresentation on which [the deceived party] party relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables defendants to 'prepare an informed pleading responsive to the specific allegations of fraud.'" *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007) (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)).

Plaintiff has not pleaded the RICO violation with the necessary particularity so to give the Defendants notice of the time, place, and manner of the alleged fraud, as required under Rule 9.

5

As such, Plaintiff's second claim is dismissed.

### C.     Count Three:  Usury and Racketeering

Plaintiff's penultimate cause of action alleges "usury and racketeering". (*See* Am. Compl. at pp. 4–5). However, it is not apparently clear from the pleadings upon which state or federal statute Plaintiff alleges that Defendants violated for the predicate offenses. While the Court liberally construes the complaints of pro se litigants; *Frengler*, 482 F. App'x at 975, the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). As it stands, the Court is unable to determine the nature of Plaintiff's third claim and, as such, this claim must be dismissed.

### C.     Count Four: Violations of Truth in Lending Act

In Plaintiff's final cause of action, he alleges Defendants violated the Truth in Lending Act ("TILA"), 12 C.F.R. § 226.17(e)(1). (Am. Compl. at p. 6). Plaintiff alleges that this violation occurred on April 18, 1998. (*Id.*). The statute of limitations for TILA violations is three years. 15 U.S.C. § 1640(e). As more than three years have passed since the alleged violation and the commencement of this suit, Plaintiff's last claim is time barred.

### IV.

For the foregoing reasons, the Moving Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

2-6-2019
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**